IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

AMERISOURCEBERGEN DRUG
  CORPORATION                                                                                                      PLAINTIFF

V.                                NO. 5:06-MC-00053-JLH

RANDALL MEIER                                                                          DEFENDANT

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Before the court is the Defendant's claimed exemption to the Writ of Execution (Doc. 2) filed on January 8, 2007. The case was referred to the undersigned by order (Doc. 7) dated February 7, 2007. A hearing was conducted on April 19, 2007 and the Plaintiff has submitted a Memorandum Brief (Doc. 14) dated May 21, 2007 and the Defendant has submitted a Memorandum Brief (12) dated May 18, 2007.

Background:

On or about April 26, 2006, judgment was entered in favor of AmerisourceBergen Drug Corporation ("ADC") and against Randall Meier ("Mr. Meier") in the United States District Court for the Eastern District of Pennsylvania, and is on appeal in the United States Court of Appeals for the Third Circuit, Case No. 06-2789. The judgment was registered with this Court on or about November 28, 2006, and a writ of execution was issued by the Clerk and served upon Mr. Meier. On or about January 8, 2007, Mr. Meier filed with this Court a Schedule of Property and Affidavit (the "Schedule of Assets"). In the Schedule of Assets, Mr. Meier listed all assets currently held by him and claimed some of the assets to be exempt from execution. This Court held a hearing on April 19, 2007 regarding the Schedule of Assets and the exemptions claimed by Mr. Meier therein.

The judgment rendered by the United States District Court for the Eastern District of Pennsylvania and assigned case number 03-CV-6769 against the Debtor and in favor of ADC (the "Judgment") is proper as to its form and is duly and properly registered in the United States District Court for the Western District of Arkansas.

The Debtor has pending before the United States Court of Appeals for the Third Circuit an appeal of the Judgment. The Debtor filed no supersedeas bond in the Third Circuit Court of Appeals and the creditor may proceed to collection.

On or about January 4, 2007, the Debtor filed the Schedule of Property and Affidavit in the above-captioned action. (Doc. 3)

On or about January 24, 2007, ADC filed its objections to Judgment Debtor's Claim of Exemptions and Motion for Charging Order in the above-captioned action. (Doc. 4)

On or about April 19, 2007, a hearing was held on the Debtor's Claim of Exemptions and ADC's Motion for Charging Order.

Discussion:

In Arkansas, married persons may hold real or personal property as tenants by the entirety. *See Sieb's Hatcheries, Inc. v. Lindley*, 111 F. Supp. 705, 716 (W.D. Ark. 1953) "[O]nce property, whether personal or real, is placed in the names of persons who are husband and wife, without specifying the manner in which they take, there is a presumption that they own the property as tenants by the entirety . . . ." *Lofton v. Lofton*, 23 Ark. App. 203, 209-10, 745 S.W.2d 635, 639 (Ark. Ct. App. 1988). When, for example, a bank account is held in the names of persons who are husband and wife, the spouses hold the account as tenants by the entirety. *See*

*Jackson v. Jackson*, 298 Ark.60, 62, 765 S.W.2d 561, 562 (1989); *Dickson v. Jonesboro Trust Co.*, 154 Ark. 155, 161-62, 242 S.W. 57, 59 (1922).

In Arkansas, "[e]xecution against a spouse's interest in a tenancy by the entirety has long been permitted even though partition has not." *Morris v. Solesbee*, 48 Ark. App. 123, 125, 892 S.W.2d 281, 282 (Ark. Ct. App. 1995). A judgment creditor of one spouse cannot force the partition and sale of real property held by both spouses as tenants by the entirety. *Lowe v. Morrison*, 289 Ark. 459, 459, 711 S.W.2d 833, 833 (1986). "A third person can obtain a judgment against a husband or wife and that judgment will be a lien against the debtor's interest in the land. That claim cannot, however, defeat the interest of the other spouse. Only on the death of the other spouse can that claim be perfected." *Id.* at 461, 711 S.W.2d at 834 (citations omitted). Although property owned by spouses as tenants by the entirety may be sold under execution to satisfy a judgment against one spouse, such sale cannot extinguish the other spouse's right to survivorship. *See Ellis v. Ashby*, 227 Ark. 479, 481-82, 299 S.W.2d 206, 207-08 (1957). Once a judgment debtor's interest in entirety property is sold, the purchaser "'cannot oust the other tenant from possession, and can only claim one-half of the rents and profits.'" *Morris*, 48 Ark. App. at 126, 892 S.W.2d at 282 (quoting *Lindley*, 111 F. Supp. at 716). Therefore, the spouse's entirety interest that may be sold upon execution will be "subject to the other spouse's continued rights of possession and survivorship, and interest in one-half of the rents and profits . . . ." *Id.* at 128, 892 S.W.2d at 283.

Conclusion:

**Schedule A--Real Property:**

3

The Debtor owns real property located at 5930 Wells Circle, Springdale, Washington County, Arkansas ("5930 Wells Circle") which is the family homestead. This property is held as Tenants by the entirety with the debtor's spouse. This property is exempt from sale under Article 9, Section 3 of the Arkansas Constitution.

Mr. Meier and Mrs. Meier own their one-half interest in real estate described as Lot 143 Clear Creek, Springdale, Arkansas as tenants by the entirety. ADC may execute upon Mr. Meier's interests in this property, but the sale of such interests will remain subject to Mrs. Meier's rights to continued possession and survivorship, and her right to one-half of the rents and profits from the property. *See Ellis v. Ashby*, Id; *Morris v. Solesbee*, Id

**Schedule B–Personal Property:**

**Checking Account at Arvest Bank**:  The debtor owns a checking account at Arvest Bank jointly with his spouse.  The Debtor has chosen to apply the constitutional exception of $500 provided in Article 9, section 2 of the Arkansas constitution to these funds.  To the extent the account balance does not exceed $500.00 the account shall be exempt.  ADC may execute upon any amount in excess of $500.00 and any amount in excess of $500.00 may be seized by the United States Marshall and applied to the debt.

**CARM Management, LLC**:  CARM Management, LLC ("CARM LLC") is an Arkansas limited liability company and consist of 100 units. Mr. Meier and his wife, Christine Meier ("Mrs. Meier"), are the settlors and co-trustees of The Randall and Christine Meier Revocable Trust (the "Trust").  The Trust was established in December 2001.  The Trust is the sole member of CARM LLC and owns all 100 units of the LLC. CARM, LLC is the general partner of CARM LLLP. The Trust is a limited partner of CARM, LLLP.  ADC is entitled to a charging order

against the Debtor's interest in the CARM Management, LLC.  The Charging Order shall be entered separately.

**CARM Limited Partnership, LLLP**:  CARM Management, LLC ("CARM LLC") is an Arkansas limited liability company. The Randall and Christine Meier Revocable Trust owns 9900 units of the CARM Limited Partnership, LLLP. The LLLP's function is to holds assets.  The Defendant can make distributions from the separate checking account of the LLLP because he is a signor on the checking account. One of the assets that the trust ones is a Rent House in Springdale. ADC is entitled to a charging order against the Debtor's interest in the LLLP.  The Charging Order shall be entered separately.

**The Randall and Christine Meier Revocable Trust**: The Debtor is a settler, co-trustee and beneficiary of the Randall and Christine Meier Revocable Trust (the "Trust"). Because the Trust is self-settled, ADC may reach Mr. Meier's interest in the Trust. Therefore, ADC may pursue a charging order against Mr. Meier's interests held through the Trust pursuant to Ark. Code Ann. §§ 4-32-705 and 4-43-703, respectively.  ADC is entitled to a charging order against the Debtor's interest in the Trust.  The Charging Order shall be entered separately.

**ERISA Qualified Plan**:  Mr. Meier is a participant in the Outdoor Water Solutions, Inc. Profit-Sharing Plan, which is an ERISA-qualified plan that contains an anti-alienation provision as required by § 401(a)(13) of the Internal Revenue Code of 1986. Mr. Meier's interest in this plan is therefore exempt from execution.

**Automobiles:**

2002 Porsche–Mr. Meier owns this automobile in his name only and this

automobile may be seized by the United States Marshall and sold and the proceeds may be applied to the debt.

2004 Lincoln Navigator is held by the entirety with his spouse. ADC may execute upon Mr. Meier's interests in entirety property, but the sale of such interests will remain subject to Mrs. Meier's rights to continued possession and survivorship, and her right to one-half of the rents and profits from the property. *See Ellis v. Ashby*, Id; *Morris v.Solesbee*, Id.

2004 Subaru is held jointly with his son.  This property is not exempt and ADC may execute upon this vehicle and the proceeds of the sale shall be applied to the debt.

2004 Acura is held jointly with his son.  This property is not exempt and ADC may execute upon this vehicle and the proceeds of the sale shall be applied to the debt.

1999 Nissan Pathfinder is held by the entirety with his spouse. ADC may execute upon Mr. Meier's interests in entirety property, but the sale of such interests will remain subject to Mrs. Meier's rights to continued possession and survivorship, and her right to one-half of the rents and profits from the property. *See Ellis v. Ashby*, Id; *Morris v.Solesbee*, Id

**Artwork**: The Amanda Dunbar painting and the Movan painting are held in the name of Mrs. Meier only and are not subject to execution.  All other painting and artwork are held in the entirety between Mrs. Meier and Mr. Meier and are subject to execution.  ADC may execute upon Mr. Meier's interests in entirety property, but the sale of such interests will remain subject to Mrs. Meier's rights to continued possession and survivorship, and her right to one-half of the rents and profits from the property. *See Ellis v. Ashby*,Id; *Morris v.Solesbee*, Id.

**Miscellaneous Furniture:** All miscellaneous furniture is held in the entirety between Mr. and Mrs. Meier.  ADC may execute upon Mr. Meier's interests in entirety property, but the sale

of such interests will remain subject to Mrs. Meier's rights to continued possession and survivorship, and her right to one-half of the rents and profits from the property. *See Ellis v. Ashby*, Id; *Morris v.Solesbee*, Id

**Miscellaneous Jewelry and Apparel**: A person's wedding ring is exempt from execution pursuant to Ark. Code Ann. § 16-66-219. The wearing apparel of Mr. and Mrs. Meier and their children is exempt under Article 9, Section 2 of the Constitution of the State of Arkansas.

IT IS SO ORDERED this 29th day of May 2007.

*/s/ J. Marschewski*
James R. Marschewski
United States Magistrate Judge